UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

MARION W. CARTER, JR.,

Defendant.

Criminal Action No. 3:13–CR–4

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Marion Carter's Motion to Sever Count Seven from Counts One through Six ("Motion to Sever") (ECF No. 24). In his Motion to Sever, Defendant asks the Court to sever one count of Possession of Ammunition by a Convicted Felon from three counts of Robbery Affecting Commerce and three counts of Possessing a Firearm in Furtherance of a Crime of Violence. For the reasons that follow, the Court finds joinder of the offenses is proper under Federal Rule of Criminal Procedure 8(a) and severance is not warranted under Rule 14(a). The Court therefore DENIES the Motion to Sever.

## BACKGROUND

On April 2, 2013, Defendant was indicted on a seven count Superseding Indictment for crimes resulting from three armed robberies committed in November of 2012. Counts One, Three, and Five charge Defendant with Robbery Affecting Commerce. Counts Two, Four, and Six charge Defendant with Possessing a Firearm in Furtherance of a Crime of Violence (Counts One through Six are collectively referred to as "the robbery counts"). The robbery counts arise from a robbery of a Baskin Robbins committed on November 2, 2012, a robbery of a Fast Auto Loans, Inc. committed on November 8, 2012, and an attempted robbery of a Fas Mart committed on November 14, 2012. The Parties agree that video of the three robberies shows the suspect with a small caliber, semi-automatic handgun and that no weapon was recovered during

1

the investigation. The Defendant contends, and the Government does not dispute, that the firearm brandished during the robberies could have been a .22, .25, or .35 caliber.

Count Seven charges Defendant with Possession of Ammunition by a Convicted Felon, occurring on or about November 19, 2012 ("ammunition count"). Specifically, the indictment charges that Defendant unlawfully possessed one round of Remington .25 auto caliber ammunition and one carton of Winchester .25 auto caliber ammunition. The Parties agree the Possession of Ammunition charge arises from the day Defendant was arrested on the robbery charges. Upon a search of Defendant subsequent to his arrest, authorities found one round of .25 caliber ammunition in Defendant's pocket. A search of Defendant's girlfriend's residence uncovered a carton of .25 caliber ammunition. The defendant submits that Carter's girlfriend admitted to law enforcement that the carton of ammunition belonged to her and that the carton was buried in a plastic tub where it had been for five years and all 50 rounds originally purchased in the carton were still present within the carton.

The defendant further submits that his defense at trial will be an identity defense. Defendant now moves to sever the ammunition count from the robbery counts. The ammunition count was not included in the original Indictment, and the defendant contends it was improperly joined in the Superseding Indictment. If the Court finds the ammunition charge was properly joined, the defendant asks the Court to sever the count to avoid the prejudice of informing the jury that Defendant is a convicted felon. The Government responded in opposition and the Defendant replied. Accordingly, the matter is now ripe for decision.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) provides for joinder of offenses, stating:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "Rule 8(a) permits very broad joinder because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Hawkins*, 589 F.3d 694, 700 (4th Cir. 2009) (internal quotation marks and citations omitted). In favor of efficiency, "joinder is the rule rather than the exception." *Id.* at 700-01 (internal quotation marks and citations omitted).

The requirements of Rule 8(a), however, "are not infinitely elastic." *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)). The Rule "cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Id.* (alteration in original) (quoting *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998)). Courts must be aware of the concern that "[j]oinder of unrelated charges creates the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." *Hawkins*, 589 F.3d at 701 (quoting *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005)).

Where offenses are properly joined under Rule 8(a), Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Rule 14 "contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required." *Cardwell*, 433 F.3d at 387. "Such cases, however, will be rare." *Id.* For a defendant to show prejudice, it is not enough that he "show that severance offers him 'a better chance of acquittal.'" *Id.* (quoting *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)). Rather, "severance should be granted only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

## DISCUSSION

**1. Permissibility of Joinder under Rule 8(a)**

This case differs from that of *United States v. Hawkins* relied on by the defendant in support of his argument that joinder of the ammunition count and the robbery counts is impermissible under Rule 8(a). In *Hawkins*, the Fourth Circuit held that joinder of offenses related to a carjacking and the offense of possession of a firearm by a convicted felon was impermissible because the Government charged the defendant with possessing a firearm that was clearly not the firearm used in commission of the carjacking. *Hawkins*, 589 F.3d at 704. The facts in *Hawkins* show the defendant was charged with committing a carjacking by holding a .357 caliber revolver to the head of the driver of the car. *Id.* at 696-97. Seventeen days later, police officers were investigating an unrelated incident with reason to believe Hawkins was involved. *Id.* at 697. The officers arrested Hawkins and found a 9mm pistol in Hawkins's waistband. *Id.* The Government charged Hawkins with carjacking, possession and brandishing a firearm in furtherance of a crime of violence for use of the .357 caliber revolver during the carjacking, and possession of a firearm by a convicted felon for possession of the 9mm pistol. *Id.* The Fourth Circuit held the joinder of the possession of a firearm by a convicted felon charge was improper because the offenses were not of the same or similar character.[1] *Id.* at 703. The court found that "[w]hile the offenses all involved firearms, albeit different firearms, nothing ties them together except the defendant." *Id.* at 704.

This case presents two main differences from *Hawkins*: (1) the ammunition charged could have been used in the firearm brandished during the robberies, and (2) the Government contends the robberies and the possession of ammunition in this case were connected with a common scheme. The parties here agree that the ammunition recovered may have fit the firearm brandished during the robberies. The firearm brandished was a .22, .25, or .35 caliber

---

[1] The Government did not argue the charges were the "same act" or a "common scheme or plan." *Hawkins*, 589 F.3d at 701.

firearm and the ammunition was .25 caliber. This is unlike *Hawkins*, where it was clear the 9mm pistol was not the same as the .357 revolver used during the carjacking. *Id.* at 696-97.

The more important distinction between *Hawkins* and the case at hand is the fact that here the Government contends the possession of the ammunition is connected with a common scheme or plan to commit the robberies. *See* Rule 8(a). The Court must therefore determine whether the offenses "have a 'logical relationship' to one another." *Cardwell*, 433 F.3d at 385 (quoting *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992)). This relationship is interpreted flexibly and "exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.* The Government argues that the ammunition discovered five days after the last robbery connects Defendant to the same acts alleged in the robbery counts and is part of the common scheme or plan to commit a string of armed robberies using a small caliber handgun. The Court finds the fact that the ammunition could have been used in the firearm brandished during the robberies and that some of the ammunition was found on Defendant's person five days after the last robbery creates a nexus between the robberies and the possession of ammunition. The offenses therefore have a logical relationship to one another. Given the broad joinder standards, the robbery charges and ammunition charge are properly joined under Rule 8(a).

2. **Appropriateness of Relief from Prejudicial Joinder under Rule 14**

Finding joinder is proper under Rule 8(a), the Court next considers whether to exercise its discretion to sever the ammunition count from the robbery counts under Rule 14(a). The Court finds severance is not warranted in this case. Severance under Rule 14 is proper "*only* if there is a serious risk that the joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Cardwell*, 433 F.3d at 387 (quoting *Zafiro*, 506 U.S. at 539) (emphasis and alteration in original). "It is not enough for the defendant to show that severance offers him 'a better chance of acquittal.'" *Id.* (quoting *Reavis*, 48 F.3d at 767). Nevertheless, the decision to sever is one within the Court's discretion. *See United States v. Lane*, 474 U.S. 438,

449 n.12 (1986). Here, the defendant argues he would be prejudiced by the fact that the ammunition count would allow for the admissibility of evidence of a prior felony conviction that would otherwise be inadmissible and would imply to the jury that the firearm used during the robberies was loaded, which would unnecessarily exaggerate the dangerousness of the crime.

Any potential prejudice resulting from joinder of the offenses in this case does not warrant severance. As discussed above, the ammunition has a nexus to the robberies and is therefore arguably admissible with respect to the robbery counts regardless of joinder. Evidence of the robberies is likewise arguably admissible with respect to the ammunition charges regardless of joinder. This mutual admissibility reduces "the possibilities of prejudice from the fact of joinder." *United States v. Jamar*, 561 F.2d 1103, 1106-07 (4th Cir. 1977). The fact that Defendant's prior felony conviction would not be admissible in the Government's case-in-chief but for joinder is not enough to create a risk that the jury would be prevented "from making a reliable judgment about guilt or innocence." *See Cardwell*, 433 F.3d at 387 (quoting *Zafiro*, 506 U.S. at 539). The Court therefore finds severance is not warranted in this case.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Sever. Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this   29th    day of April 2013.